**FILED**

**February 9, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| DONALD NEIL PIERCE, | ) | ROANE GENERAL SESSIONS |
| | ) | C.A. NO. 03A01-9707-GS-00250 |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. THOMAS A. AUSTIN |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| BRENDA ANN RADFORD PIERCE, | ) | AFFIRMED AS MODIFIED |
| | ) | REMANDED |
| Defendant-Appellant | ) | |

TOM McFARLAND, McFarland & McFarland, Kingston, for Appellant.

BROWDER G. WILLIAMS, Harriman, for Appellee.

O P I N I O N

McMurray, J.

This is a divorce case. On appeal, Brenda Pierce (wife) raises the issues of whether the trial court erred by refusing to grant her periodic alimony, by failing to grant her the divorce, and by

failing to grant her discretionary costs and attorney's fees.  We modify the judgment and affirm as modified.

The parties were married on September 22, 1972. They purchased the marital residence in September of 1974 for $19,500.00.  On November 6, 1995, the husband filed for divorce on the grounds of irreconcilable differences.  On January 17, 1996, the wife filed a counter-petition for divorce on the grounds of irreconcilable differences and inappropriate marital conduct.  Specifically, the wife alleged that the husband had engaged in an extramarital affair.

The trial court awarded each party a divorce from the other, and awarded the wife alimony in solido in the form of all of the husband's interest in the marital residence, less $5,000.00.  The court estimated the value of the residence, which the parties held without encumbrance, at $50,000.00.  The court further held that "the remainder of the parties' personal property and their debts should be equitably divided between them with the [wife] to receive the bulk of these assets as further alimony in solido."  The court awarded the husband the value of his retirement plan, estimated at $14,777.32.

We will first consider whether an award of periodic alimony should have been made to the wife under the circumstances of this case.  T.C.A. § 36-5-101(d)(1) provides:

It is the intent of the general assembly that a spouse who is economically disadvantaged, relative to the other spouse, be rehabilitated whenever possible by the granting of an order for payment of rehabilitative, temporary support and maintenance.  Where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient except as otherwise provided in subdivision (a)(3).  Rehabilitative support and maintenance is a separate class of spousal support as distinguished from alimony in solido and periodic alimony.  In determining whether the granting of an order for payment of support and maintenance to a party is appropriate, and in determining the nature, amount, length of term, and manner of payment, the court shall consider all relevant factors, including:

(A) The relative earning capacity, obligations, needs, and financial resources of each party, including income from pension, profit sharing or retirement plans and all other sources;

(B) The relative education and training of each party, the ability and opportunity of each party to secure such education and training, and the necessity of a party to secure further education and training to improve such party's earning capacity to a reasonable level;

(C) The duration of the marriage;

(D) The age and mental condition of each party;

(E) The physical condition of each party, including, but not limited to, physical disability or incapacity due to a chronic debilitating disease;

(F) The extent to which it would be undesirable for a party to seek employment outside the home because such party will be custodian of a minor child of the marriage;

3

(G) The separate assets of each party, both real and personal, tangible and intangible;

(H) The provisions made with regard to the marital property;

(I) The standard of living the parties established during the marriage;

(J) The extent to which each party has made such tangible and intangible contributions to the marriage as monetary and homemaker contributions, and tangible and intangible contributions by a party to the education, training or increased earning power of the other party;

(K) The relative fault of the parties in cases where the court, in its discretion, deems it appropriate to do so; and

(L) Such other factors, including the tax consequences to each party, as are necessary to consider the equities between the parties.

The record reveals the following facts relevant to our analysis under T.C.A. 36-5-101(d)(1). The wife was diagnosed with rheumatoid arthritis in 1976. Her treating physician since that time, Dr. Robert J. Capps, testified by deposition. He stated that the wife "has a brand of rheumatism that is practically as aggressive as you can get." The disease involves inflammation of all of her joints, and has resulted in progressive deformities in her hands, feet and other areas.

Dr. Capps testified that due to her disease, the wife's pain and deformities will get progressively worse as time passes. He stated that the inflammation has spread to the lining of her lungs and also that "she may well end up having future surgeries." He

4

testified that she "unquestionably" is one hundred percent permanently disabled on the basis of her rheumatoid disease.

The wife worked at Roane State Community College in the print shop from the beginning of the marriage until 1990. During that time, she paid one-half of the mortgage on their residence each month. Sometime during the late 1980's, the husband took a job in Nashville and lived in an apartment there for five or six years. The wife testified during that time she paid all of the bills, including the mortgage payment. In 1991, the wife began receiving disability payments.

At the time of the trial, the wife was 53 years old and the husband was 47. The husband is in good physical and mental shape and has never had any serious physical problems.

The husband admitted having an adulterous affair with one Carrie Grizzle starting sometime in 1995. The wife testified that in October 1995, the husband moved out of their house, telling her he was staying with his supervisor, but that he really moved in with Mrs. Grizzle.

It is abundantly clear from the record that the wife has great need for periodic alimony, and the trial court so found. The wife's only source of income is a $700 monthly disability payment.

5

She has tried to run a business drawing and painting portraits, but testified that she has never really earned any money from her artwork and it is more of a hobby than a business. Perhaps of most concern is that the wife was covered by the husband's medical insurance and can no longer be so insured after the divorce. The wife testified that she requires approximately $400 per month for medicines to treat her illness.

It is undisputed that she is completely and permanently disabled, and has no real prospects for employment due to her illness. Further, we find it clear that the wife made regular and substantial financial contributions to the parties' marriage while she was able to work. We are of the opinion that under these circumstances, Ms. Pierce is a spouse anticipated by the statute as requiring periodic alimony. The legislature has made it clear that if possible the dependency of one spouse on the other be eliminated and both parties be relieved of the impediments incident to the dissolved marriage. See Tenn. Code Ann. § 36-5-101(d); Self v. Self, 861 S.W.2d 360 (Tenn. 1993). "Long-term support and maintenance is appropriate only where there is relative economic disadvantage and rehabilitation of the disadvantaged party is not feasible." Id. 861 S.W.2d at 361. Here it is indisputable that the wife is at a great economic disadvantage and rehabilitation is not feasible.

Thus, the only question remaining is the husband's ability to pay. The trial court, as previously noted, found that the wife had need for periodic alimony, but that the husband had no ability to pay. The husband is an employee of the State of Tennessee. In 1995 his yearly gross income was $19,153.81. In 1996, he received a three percent pay increase.

We agree with the trial court that the husband is not a man of great means, but having carefully scrutinized his estimated monthly expenses submitted to the trial court, we cannot agree that he does not have the ability to pay periodic alimony at all. We find that the record amply supports the conclusion that the husband has the ability to pay periodic alimony in the amount of $100.00 per month, alimony in futuro. Based on our analysis of the factors contained in T.C.A. § 36-5-101(d) and the record in this case, we consider it just and equitable to require him to pay that monthly amount. Further, regarding the issue of alimony, the final decree provides, among other things as follows:

> ... The Court finds that the parties marital residence has a value of Fifty Thousand ($50,000.00) Dollars, that the plaintiff has a separate interest in this home due to gifts received from his family, but that defendant should be awarded as alimony in solido all of the plaintiff's interest in the marital residence except the sum of Five Thousand ($5,000.00) Dollars.
>
> ... [T]he defendant shall receive as her separate property, the parties' marital residence located at 424 North Chamberlain Avenue, Rockwood, Tennessee, and all interest of the plaintiff in this residence shall be

7

> divested from him and vested into the plaintiff [sic].
> It is further ordered by the court that the plaintiff
> shall have and recover judgment from the defendant in the
> sum of Five Thousand $5,000.00 Dollars to compensate him
> for his interest in this home and shall retain a lien
> against the marital residence in this sum to secure same,
> but the plaintiff shall not be allowed to enforce his
> lien against this home or otherwise to seek collection of
> this judgment for a period of ten (10) years, and this
> judgment shall not bear interest during that ten (10)
> year period.

We are of the opinion that, under the circumstances of this case, the wife should have received the marital residence, free and clear of any claim by the husband. Reason dictates that absent some extraordinary changes in the circumstances of the wife, she will be totally without means to pay the $5,000.00 judgment at the expiration of ten years or at any other time. Therefore, the judgment effectively dispossesses the wife of her home after ten years. We, therefore, vacate that part of the trial court's judgment awarding a judgment against the wife in favor of the husband for $5,000.00. We modify the judgment of the court to award all interest in and to the marital residence to the wife, free from any claims of the husband whatever. We should note that courts are specifically empowered to award spousal support out of the other spouse's property by T.C.A. § 36-5-101.(a)(1)

The wife's second issue is that the trial court erred by granting the parties a divorce from each other, instead of granting her the divorce. In this regard, T.C.A. § 36-4-129 provides:

8

(a) in all actions for divorce from the bonds of matrimony or from bed and board, the parties may stipulate as to grounds and/or defenses.

(b) The court may, upon such stipulations and proof, grant a divorce to the party who was less at fault <u>or, if</u> **<u>either or both</u>** parties are entitled to a divorce, declare the parties to be divorced, rather than awarding the divorce to either party alone. [emphasis provided]

Thus the statute provides the trial court with the authority and discretion to take such action as it did in the present case. While we agree with the wife that she demonstrated fault on the part of the husband and no significant fault on her part, it does not automatically follow that it was reversible error for the court to simply declare the parties divorced.

The wife also contends on appeal that the trial court erred in failing to award her attorney's fees. Attorney fee awards are treated as alimony. <u>Kincaid v. Kincaid</u>, 912 S.W.2d 140, 144 (Tenn. App. 1995); <u>Gilliam v. Gilliam</u>, 776 S.W.2d 81, 86 (Tenn. App. 1988). In determining whether to award attorney's fees, the trial court should again consider the relevant factors in T.C.A. § 36-5-101(d)(1). <u>Kincaid</u>, 912 S.W.2d at 144; <u>Houghland v.Houghland</u>, 844 S.W.2d 619, 623 (Tenn. App. 1992). Where the wife demonstrates that she is financially unable to afford counsel, and where the husband has the ability to pay, the court may properly order the husband to pay the wife's attorney fees. <u>Id.</u>; <u>Harwell v. Harwell</u>, 612 S.W.2d 182, 185 (Tenn. App. 1980); <u>Palmer v. Palmer</u>, 562 S.W.2d

9

833, 839 (Tenn. App. 1977). An award of attorney's fees is within the sound discretion of the trial court, and unless the evidence preponderates against the award, it will not be disturbed on appeal. Kincaid, 912 S.W.2d at 144; Threadgill v. Threadgill, 740 S.W.2d 419, 426 (Tenn. App. 1987); Lyon v. Lyon, 765 S.W.2d 759, 762-63 (Tenn. App. 1988).

In the case at bar, we cannot say that the evidence preponderates against the trial court's holding that the wife is not entitled to attorney's fees. Our decision in this regard is primarily based on our opinion that the husband does not have the resources to pay for the wife's fees without undue economic hardship. We also find the trial court did not err by awarding the wife only a portion of the discretionary costs at trial.

The wife has requested attorney's fees on appeal. We have considered the circumstances and the record in this cause, and, largely for the same reasons for denying attorney's fees at the trial level, we decline to order the husband to pay the wife's attorney's fees for the appeal of this case.

The judgment of the trial court is modified as stated in the opinion. We affirm the judgment of the trial court as modified and remand the case to the trial court for entry of a judgment consistent with this opinion. Costs are assessed to the appellee.

\

_____
                                Don T. McMurray, Judge


CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

DONALD NEIL PIERCE,             )      ROANE GENERAL SESSIONS
                                )      C.A. NO. 03A01-9707-GS-00250
        Plaintiff-Appellee  )
                                )
                                )
                                )
                                )
                                )
vs.                             )      HON. THOMAS A. AUSTIN
                                )      JUDGE
                                )
                                )
                                )
                                )
                                )
BRENDA ANN RADFORD PIERCE,      )      AFFIRMED AS MODIFIED
                                )      REMANDED
        Defendant-Appellant )


**JUDGMENT**


        This appeal came on to be heard upon the record from the

General Sessions Court of Roane County, briefs and argument of

counsel.  Upon consideration thereof, this Court is of opinion that

the judgment of the trial court should be modified.

        The judgment of the trial court is modified as stated in the

opinion.  We affirm the judgment of the trial court as modified and

remand the case to the trial court for entry of a judgment

consistent with this opinion.  Costs are assessed to the appellee.


                              PER CURIAM